**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICOLE C. ARAUJO,

Plaintiff,

v.                                                      Case No. 2:26-cv-11185

STILLMAN LAW OFFICE

Defendant.

## COMPLAINT

**NOW COMES** NICOLE C. ARAUJO ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of STILLMAN LAW OFFICES, ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff, by and through the instant action, brings claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), pursuant to Conn. Gen. Stat. § 42-110b *et seq.,* stemming from Defendant' unlawful conduct.

### JURISDICTION AND VENUE

2.      The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the FDCPA is a federal statute.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

5.      Plaintiff is a natural person over 18 years-of-age residing in Berlin, Connecticut.

6.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Defendant's principal place of business is located at 30057 Orchard Lake Road, Suite 200, Farmington Hills, Michigan 48334.

**FACTS SUPPORTING CAUSE OF ACTION**

7.      This action arises out of Defendant's attempts to collect upon a purported debt ("subject debt") that Plaintiff allegedly owes Capital One for approximately $7,162.65.

8.      In November 2025, Defendant began placing collection calls to Plaintiff's cellular phone number ending in 0008, in an attempt to collect the subject debt.

9.      At all times relevant, Plaintiff was the sole subscriber, owner, possessor and operator of the telephone number ending in 0008.

10.     Fed up with Defendant's call volume, Plaintiff answered a phone call from Defendant and insisted that Defendant cease placing calls to Plaintiff's cellular phone.

11.     Despite Plaintiff's request to cease its collection efforts, Defendant continued to call Plaintiff's cellular phone with the hopes of harassing her into making a payment through a high volume of calls.

12.     Since her initial request, Plaintiff has answered multiple collection calls from Defendant and demanded that it cease its constant calls to her phone.

13.     Until today, notwithstanding Plaintiff's demands, Defendant continues placing multiple calls per day to Plaintiff's cellular phone in an attempt to collect the subject debt.

14.     Defendant used the phone numbers (248) 851-6000 and (877) 404-4490 to place numerous calls to Plaintiff. Upon information and belief, Defendant has used other numbers in its collection efforts.

15.     Defendant has placed or caused to be placed dozens of harassing phone calls to Plaintiff's cellular phone since Plaintiff's initial request that it cease such calls in November 2025.

### DAMAGES

16.     Defendant's harassing collection calls have disrupted Plaintiff's daily life and general well-being.

17.     Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, loss of time, mental anguish, emotional distress, and anxiety from Defendant's excessive phone calls.

18.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her telephone as a result of increased usage of her telephone services.

19.     Frustrated over Defendant's conduct, Plaintiff spoke with attorneys regarding her rights with the hope of ending the harassing attacks and unfair practices by Defendant.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

22. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debt, as it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

25. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5) and f through its unlawful debt collection practices.

   **a.    Violations of FDCPA § 1692c**

28. Plaintiff violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

29.     Furthermore, Defendant has relentlessly called Plaintiff dozens of times without her prior consent. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

30.     Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

**b.      Violations of FDCPA § 1692d**

31.     Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

32.     Defendant violated 15 U.S.C. § 1692d by engaging in abusive, harassing and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment for the subject debt. Moreover, Defendant continued placing harassing collection calls to Plaintiff's cellular phone after Plaintiff put Defendant on notice that its calls were not welcomed.

33.     Pursuant to 15 U.S.C. § 1692d(5), a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

34.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring repeatedly and continually in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt, with the intent to annoy, abuse or harass Plaintiff.

35.     Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be place, numerous harassing phone calls to Plaintiff's cellular phone from November 2025, through the present day.

    **c.**      **Violations of FDCPA § 1692f**

36.      Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

37.      Defendant violated § 1692f when it used unfair and unconscionable means to collect the subject debt by continuously calling Plaintiff using an auto dialer. Even after Plaintiff requested that the calls stop, Defendant continued to place numerous phone calls to Plaintiff's cellular phone. These tactics employed by Defendant only serve to harass Plaintiff.

38.      As an experienced debt collector, Defendant knew or should have known the ramifications of collection on a debt through incessant harassing phone calls to consumers such as Plaintiff.

39.      Upon information and belief, Defendant systemically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

40.      As pled above, Plaintiff was severely harmed by Defendant's misconduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.      Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.      Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c.      Awarding Plaintiff actual damages, in an amount to be determined at evidentiary hearing, as provided under 15 U.S.C. § 1692k(a)(1);

    d.      Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e.        Any further relief the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

41.        Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

42.        At all times relevant to this Complaint, Plaintiff, was and is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

43.        At all times relevant to this Complaint, Defendant was and is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

**a.        Violations of CUTPA § 42-110b**

44.        The CUTPA, pursuant to Conn. Gen. Stat. § 42-110b(a), states " No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce..

41.        Defendant violated section §§ 42-110b(a) of the CUTPA when continuously called Plaintiff's telephone after she informed them that he was no longer welcoming Defendant trying to reach her and that she wanted the calls to cease. This repeated behavior of systematically calling Plaintiff's telephone despite her demands was oppressive, harassing, and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

42.        Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's telephone.

45.         Such behavior was designed with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

**WHEREFORE**, Plaintiff, requests that this Honorable Court enter judgment in her favor as follows:

    a.   Entering judgment in Plaintiff's favor and against Defendant;

    b.   Awarding Plaintiff actual damages in an amount to be determined at trial;

    c.   Awarding Plaintiff statutory damages;

    d.   Awarding Plaintiff equitable relief including enjoining Defendant from further violations;

    e.   Awarding Plaintiff costs and reasonable attorneys' fees;

    f.   Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    g.   Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 13, 2026                    Respectfully submitted,

                                           */s/ Mohammed O. Badwan*
                                           Mohammed O. Badwan, Esq.
                                           *Counsel for Plaintiff*
                                           Sulaiman Law Group, Ltd.
                                           2500 South Highland Ave.
                                           Suite 200
                                           Lombard, Illinois 60148
                                           (630) 575-8181 (phone)

(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com